UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY ALAN EBERLY,

        Petitioner,

    v.

A. GONZALVEZ,

        Respondent.

Case No.  2:25-cv-3012-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief.  On February 10, 2026, I found that the petition appeared to be untimely insofar as it attacked a conviction that was finalized in 2016.  ECF No. 14 at 2.  I also noted that a previous petition filed by petitioner in this court was dismissed as untimely.  *Id.*  I dismissed the petition with leave to amend, and petitioner has submitted an amended petition, ECF No. 15.  After review, I find that the claims therein are untimely and successive and recommend that the amended petition be dismissed on that basis.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

1

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners are subject to a one-year statute of limitations to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Here, petitioner states that the conviction at issue was finalized a decade ago, in 2016. ECF No. 15 at 1. In an attempt to justify the lateness of his filing, petitioner appears to assert that he is actually innocent. *Id.* at 3. A showing of actual innocence requires that he demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner has not made, nor even approached, such a showing. He asserts that newly discovered evidence is favorable to him, ECF No. 15 at 3, but nothing in the petition explains or shows how that evidence is so persuasive that no reasonable juror would convict him in light of it.

Additionally, this petition is successive. A previous habeas petition filed by petitioner in this court was dismissed as untimely. *Eberly v. Neuschmid*, 2:19-cv-1631-MCE-DMC at ECF Nos. 18 & 33. Dismissal of that first petition as untimely renders this petition successive, and petitioner does not indicate that he has sought, and been granted, leave from the Ninth Circuit to file a successive petition. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("Similarly, dismissal of a first habeas petition for untimeliness presents a permanent and incurable bar to federal review of the underlying claims. We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA."); 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Based on the foregoing, I find that petitioner's claims are untimely and successive and should be dismissed on that basis.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended petition, ECF No. 15, be DISMISSED without leave to amend as untimely and successive.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3